**In re William Douglas PATTON and Bonnie Jean Randle, Debtors.**

**William Douglas Patton and Bonnie Jean Randle, Plaintiffs,**

**v.**

**State Street Bank, Defendant.**

**Bankruptcy No. 02–20197.**
**Adversary No. 03–6111.**

United States Bankruptcy Court,
D. Kansas.

Sept. 16, 2004.

---

Philip R. Sedgwick, Kansas City, KS, for Plaintiffs.

Michael D. Doering, Doering & Associates, P.C., Kansas City, MO, for Defendant.

William H. Griffin, pro se.

## MEMORANDUM OPINION

ROBERT D. BERGER, Bankruptcy Judge.

This lien avoidance proceeding is before the Court on cross motions for summary judgment filed by the parties.[1] The pleadings do not contest the core nature of this proceeding. The Court finds that this proceeding is core under 28 U.S.C. § 157 and the Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.

 The plaintiffs filed their petition for Chapter 13 relief on January 18, 2002. On July 31, 2003, the plaintiffs filed the underlying complaint to avoid the defendant's mortgage on their homestead and to enforce the provisions of the automatic stay. Both parties have filed motions for summary judgment on the complaint, and the Court finds that there do not exist genuine issues of material fact to bar judgment on the plaintiffs' complaint. The Court has reviewed the motions for summary judgment and the memoranda submitted in support thereof, as well as the memoranda submitted in opposition, in consideration of which the Court finds that the defendant's mortgage on the plaintiffs' homestead is a valid, perfected lien that cannot be avoided under the provisions of 11 U.S.C. §§ 544 or 549. The Court further finds that the defendant did not violate the automatic stay provisions of 11 U.S.C. § 362.[2]

### Facts

The plaintiffs' Memorandum in Support for Summary Judgment (Doc. # 13) sets forth a statement of material facts as to which they contend no genuine issues exist. Many of the facts therein, however, are not accompanied by reference with particularity to those portions of the record upon which they rely in accordance with District of Kansas Local Bankruptcy Rule 7056.1.[3] Nevertheless, the defendant, in its Cross Motion for Summary Judgment (Doc. # 25), agrees that certain facts set forth in the plaintiffs' motion are uncontroverted and also provides a concise statement of material facts to which it contends genuine issues still exist. Of the facts it controverts, the defendant supports each with a specific reference to the record. The defendant also offers an addi-

---

1. The Court treats the plaintiffs' Suggestions in Support of Debtor's [sic] Motion for Summary Judgment filed January 28, 2004 (Doc. # 13), as a motion for summary judgment; the Defendant's Combined Response and Cross Motion for Summary Judgment was filed on March 10, 2004 (Doc. # 25). The plaintiffs, Mr. William D. Patton and Mrs. Bonnie Jean Randle, appear by counsel Philip R. Sedgwick, of Kansas City, Kansas. The defendant, State Street Bank, appears by Michael D. Doering, of Kansas City, Missouri.

2. Subsequent statutory references are to the Bankruptcy Code 11 U.S.C. §§ 1101, *et seq.*, unless otherwise noted.

3. The Court notes that reference to the record should minimally include a citation to the specific document or pleading where the information upon which the movant relies may located. General references to "Court file" do not satisfy D. Kan LBR 7056.1(a).

tional statement of material facts, in support of its cross motion for summary judgment, as to which it contends no genuine issues exist.

In accordance with District of Kansas Local Bankruptcy Rule 7056.1, the additional statement of material facts in the defendant's cross motion contains a numbered statement of facts with references to the portion of the record on which it relies. The plaintiffs' reply (Doc. # 26) does not (1) specifically controvert any of those facts, (2) contain a numbered statement of facts about which they contend a genuine issue exists, or (3) refer to any portion of the record. Therefore, the Court finds the stated facts set forth in the defendant's cross motion for summary judgment uncontroverted. The Court, upon its own review of the record and in light of the foregoing, finds the following facts are relevant:

On or about January 14, 1999, Pointsource Financial, L.L.C. ("Pointsource"), extended a loan to the plaintiffs in the amount of $132,900.00. On the same date, the plaintiffs granted Pointsource a mortgage (the "Mortgage") in their homestead as security for the loan. The Mortgage was duly filed of record in the office of the Register of Deeds of Johnson County, Kansas ("Register of Deeds"), on January 20, 1999. An entry of satisfaction of the Mortgage has never been filed with the Register of Deeds. On the date the Mortgage was executed, Pointsource executed an assignment of the Mortgage and the underlying note (the "First Assignment") to Prism Mortgage Company ("Prism"). On the same date, Prism then executed an assignment of the Mortgage and the underlying note (the "Second Assignment")

to the defendant. The original documents for the First and Second Assignments have been lost or destroyed. On January 23, 2004, the defendant received documents from Pointsource and Prism acknowledging and replacing the original January 20, 1999, First and Second Assignments. Neither the First and Second Assignments nor their replacement documents have ever been filed with the Register of Deeds.

The following facts are alleged by the plaintiffs in their memorandum in support of summary judgment:

1. That the defendant acknowledged it did not have a recorded, perfected security interest in the plaintiff's homestead;[4]

2. That the defendant admitted it had failed to perfect its mortgage in its Answer to the plaintiffs' Petition;[5]

3. That the defendant filed its assignment of mortgage for record with the Register of Deeds without relief from the automatic stay.[6]

These three allegations were supported with vague references to "Court file" or "Answer, Court file," in violation of the District of Kansas Local Bankruptcy Rule 7056.1(a). Despite the procedural shortcomings, the Court, having chosen to thoroughly review the entire record in the interest of judicial economy and efficacy, finds the three allegations without support. As a result, the Court disregards plaintiffs' listed allegations.

### Discussion

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and is made applicable to adversary proceedings by Rule 7056 of the Federal

---

4. Pls.' Suggestions in Supp. of Debtor's (sic) Mot. for Summ. J. (Doc. # 13), Statement of Uncontroverted Fact, ¶ G.

5. *Id.* at ¶ J.

6. *Id.* at ¶¶ K & L.

Rules of Bankruptcy Procedure. Rule 56(c) makes summary judgment appropriate when, after consideration of the record, the court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7] To determine whether any genuine issues of material fact exist, a court must construe the record liberally in favor of the party opposing the summary judgment.[8] An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim."[9] The moving party has the burden to establish that he or she is entitled to summary judgment.[10]

## I. Avoidance

■ Section 522(h) allows the debtor to avoid certain transfers of exempt property. The debtor must meet five conditions in order to do so: (1) the transfer cannot have been a voluntary transfer of property by the debtor; (2) the debtor cannot have concealed the property; (3) the trustee cannot have attempted to avoid the transfer; (4) the debtor must exercise an avoidance power usually used by the trustee that is listed within § 522(h); and (5) the transferred property must be of a kind that the debtor would have been able to exempt from the estate if the trustee (as opposed to the debtor) had avoided the transfer pursuant to one of the statutory provisions in section 522(g).[11] Here, the plaintiffs did not attempt to conceal the

property and the trustee has not attempted to avoid the Mortgage. In addition, the avoidance powers set forth in both section 544 and section 549 are powers usually exercised by the trustee and listed in section 522(h). However, although the plaintiffs assert and the defendant does not contest that the transfer in question was not voluntary and that the plaintiff could have exempted the homestead pursuant to 522(g), the Court disagrees.

■ Section 522(g), with certain inapplicable exceptions, allows a debtor to exempt property the trustee recovers if the debtor *did not voluntarily transfer* the property and he could have exempted the property had it not been transferred.[12] The Court finds that the plaintiffs voluntarily granted the Mortgage on their homestead and that its subsequent assignments were transfers between the original mortgagee, Pointsource, and the subsequent assignees, Prism and the defendant. The assignments of the Mortgage do not change the voluntary nature of the plaintiffs' transfer of property. As a result, the plaintiffs are not eligible to assert avoidance powers pursuant to section 522(h) and their motion for summary judgment should be denied, and the defendant's cross motion granted, on that ground alone. However, because the defendant did not challenge the plaintiffs' contention that they did not voluntarily transfer their property, the Court will consider the parties' arguments on their merits as though the transfer of the plaintiffs' interest in property satisfies the involuntary transfer require-

---

**7.** FED.R.CIV.P. 56(c).

**8.** *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir.1988) (citation omitted).

**9.** *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998).

**10.** *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**11.** *See* 11 U.S.C. §§ 522(g) and (h).

**12.** *See* 11 U.S.C. § 522(g).

ment of section 522(g).[13]

The plaintiffs seek to avoid the defendant's interest in the Mortgage under section 522(h) with the avoidance powers set out in sections 544(a)(3) and 549(a). The plaintiffs argue that under the facts of this case and pursuant to section 544(a)(3), they are able to employ the trustee's avoidance powers and by extension enjoy the rights and powers of a bona fide purchaser of real estate as of the commencement of the bankruptcy case. The plaintiffs contend that this status allows them to avoid the Mortgage because, they believe, the Mortgage and Assignments are not perfected, which would allow them to take the real estate free and clear of the security interest. The plaintiffs also argue that they should be able to avoid the defendant's assigned interest in the Mortgage pursuant to section 549 because, they allege, it was recorded post-petition.

### A. 11 U.S.C. § 544(a)(3)

■ The plaintiffs' reliance upon the avoiding power of section 544(a)(3), exercised through section 522(h), allows them to enjoy the rights and powers of a bona fide purchaser as of the commencement of the bankruptcy case. A bona fide purchaser is defined as "[o]ne who buys something for value without notice of another's claim to the item or of any defects in the seller's title." [14] The avoiding statute directs the Court to determine the plaintiffs' status, rights, and powers as a bona fide

purchaser by consulting applicable state law, in this case Kansas law.[15]

Kansas law on the rights and powers of a bona fide purchaser of real property is expressed in Kansas Statutes Annotated §§ 58–2221, 58–2222, and 58–2223. K.S.A. § 58–2221 permits the parties to a real property transfer to file a written transfer instrument with the register of deeds of the county in which the conveyed property is located. K.S.A. § 58–2222 decrees that filing such an instrument with the register of deeds imparts notice of its contents to subsequent purchasers and mortgagees of the property. K.S.A. § 58–2223 provides that if the instrument of conveyance is not filed with the register of deeds, it is invalid against later purchasers and mortgagees, unless they possess actual notice of its existence.

■ The general rule, then, is that the first to record a mortgage has priority and is perfected over all others, including a bona fide purchaser.[16] The priority then continues as long as the mortgage is not released.[17] There is nothing in the statutes or case law which indicates that an assignment of a mortgage or the failure to record that assignment somehow affects the priority of the mortgage.[18] What guidance Kansas statutes do provide as to assignments of mortgages can be found in K.S.A. §§ 58–2308 and 58–2321. K.S.A. § 58–2308 requires that an assignment of a mortgage be recorded by the register of

---

13. Although legal authority exists suggesting Chapter 13 debtors, as debtors-in-possession, have full use of the trustee's Chapter 5 avoidance powers without the limitations in section 522(h), the parties have not raised and the Court need not consider the issue in the disposition of this matter.

14. BLACK'S LAW DICTIONARY 515 (Pocket ed.1996).

15. A trustee, and hence the plaintiffs through section 522(h), may avoid any transfer voidable by a bona fide purchaser "against whom applicable law permits such transfer to be perfected...." 11 U.S.C. § 544(a)(3).

16. *Bank Western v. Henderson*, 255 Kan. 343, 874 P.2d 632, 636 (1994).

17. *Id.*

18. *Id.*

deeds. K.S.A. § 58–2321 requires that an assignee of a mortgage give the mortgagor credit for payments made to the assignor if the assignment is not recorded. These statutes "clearly contemplate that assignments of mortgages should be recorded and that the failure to record cannot prejudice the mortgagor."[19] They do not, however, address the relative rights of an assignee with respect to a junior mortgagee or bona fide purchaser.[20]

 The Kansas Supreme Court, having addressed the absence of statutory authority before in *Bank Western v. Henderson,* concluded that an assignment of a mortgage is merely a formal transfer of title to the instrument.[21] The court, citing its earlier decision in *Middlekauff v. Bell,* went on to note:

> One who acquires a negotiable note, secured by recorded mortgage, is not, as to subsequent purchasers or mortgagees, the possessor of a mere "secret equity," if no assignment of the mortgage be placed on the record. Record of the mortgage is notice of its existence, and the holder is not obliged to disclose his ownership by recording his assignment in order to preserve the priority of the lien."[22]

In other words, a recorded and unreleased mortgage is notice of the lien, no matter who owns it.[23] In the present case, the Mortgage is recorded and unreleased, and any subsequent purchaser will have notice of its existence, regardless of who possesses the note and mortgage at the time. Therefore, section 544(a)(3) may not be utilized to avoid the defendant's assigned interest in the Mortgage, which is a valid and perfected lien on the plaintiffs' homestead.

### B. 11 U.S.C. § 549

 The plaintiffs also seek to avoid the Mortgage under section 549 as exercised pursuant to section 522(h). Under section 549, three elements must be shown to avoid a transfer of property: (1) the transfer of the property was a transfer of "property of the estate"; (2) the transfer occurred after the commencement of the bankruptcy case; and (3) the transfer was not authorized under the Bankruptcy Code or by the court.[24] This Court has already concluded that the Mortgage, which was granted and recorded prior to the plaintiffs' petition for bankruptcy relief, is a valid, perfected interest which is not vitiated by subsequent recorded or unrecorded assignments. In addition, the dates of the First and Second Assignments predate the plaintiffs' petition for bankruptcy relief. As a result, any actual transfer of "property of the estate" occurred pre-petition. Even if the Mortgage assignments had occurred post-petition, the Court is unaware of any law that would otherwise preclude a creditor from assigning its interest in a valid, perfected note and mortgage to another party. Because any transfer of interest in "property of the estate" occurred pre-petition and a creditor's assignment of a valid, perfected mortgage does not change the nature of the assignee's interest in a mortgage, section 549 may not be utilized to avoid the defendant's mortgage interest in the plaintiffs' homestead.

---

**19.** *Id.* at 348, 874 P.2d 632.

**20.** *See Id.*

**21.** 255 Kan. 343, 874 P.2d 632, 636 (1994) (citing *Middlekauff v. Bell,* 111 Kan. 206, 207 P. 184, 187 (1922)).

**22.** *Id.* (citing *Middlekauff,* 207 P. at 187).

**23.** *See Id.*

**24.** *In re Vitt,* 250 B.R. 711, 722 (Bankr. D.Colo.2000).

## II. The Automatic Stay

The plaintiffs' contention that the defendant violated the automatic stay provisions of section 362 is predicated on sections 362(a)(4) and (5), under which the plaintiffs' petition for bankruptcy operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate" [25] and "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case...." [26] As discussed in section I.(A), *supra*, the Mortgage was properly perfected and its subsequent assignment did not change the nature of the defendant's interest in the plaintiffs' homestead. In addition, although the defendant has not sought to record either assignment of the Mortgage, the Court notes that any act to record the assignment of a previously perfected mortgage in Kansas would likely be ministerial in nature and would not be stayed pursuant to section 362.[27] As the defendant took no action to create, perfect, or enforce its perfected lien against property of the estate or property of the debtor, the plaintiffs' contention that the defendant violated the automatic stay is unwarranted.

### *Conclusion*

For the reasons set forth above, the Court concludes that the plaintiffs may not avoid the defendant's lien which is a valid, perfected interest on plaintiffs' homestead. The Court further concludes that the defendant did not violate the automatic stay. The plaintiff's Motion for Summary Judgment is therefore denied and the defendant's Cross Motion for Summary Judgment is hereby granted.

IT IS SO ORDERED.

**25.** 11 U.S.C. § 362(a)(4).

**26.** 11 U.S.C. § 362(a)(5).

**27.** *Accord* 3 COLLIER ON BANKRUPTCY ¶ 362.03[8][a] (15th ed.2002) (citing *Morgan*

*Guaranty Trust Co. of New York v. American Sav. & Loan Ass'n*, 804 F.2d 1487 (9th Cir. 1986), *cert. denied*, 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987)).